UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GINA M. ALONGI, as she is ADMINISTRATOR, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION, ANNUITY AND SAVINGS FUNDS, LABOR-MANAGEMENT COOPERATION TRUST; and HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUND,<br>Plaintiffs,<br><br>vs.<br><br>JERICO CONCRETE CUTTING, INC.<br>Defendant. | C.A. No. |

## VERIFIED COMPLAINT TO OBTAIN A PAYROLL AUDIT

### NATURE OF ACTION

1. This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and §301 of the Labor Management Relations Act of 1974 ("LMRA"), as amended, 29 U.S.C. §185, by employee benefit plans to enforce the obligation to undergo a payroll audit and for the payment of outstanding fringe benefit contributions and interest.

### JURISDICTION

2. The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), and §301 of the LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3. Plaintiff Gina M. Alongi is the Administrator of the International Union of Operating Engineers Local 4 Health and Welfare Fund. The International Union of Operating Engineers Local 4 Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). It provides health, dental and prescription benefits and life insurance, accident insurance, and disability pay to participants. The Fund is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

4. Plaintiff Gina M. Alongi is the Administrator of the International Union of Operating Engineers Local 4 Pension Fund. The International Union of Operating Engineers Local 4 Pension Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). It provides participants with a defined pension benefit. The Fund is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

5. Plaintiff Gina M. Alongi is the Administrator of the International Union of Operating Engineers Local 4 Annuity and Savings Fund. This Fund provides participant-directed individual accounts including a 401(k). The International Union of Operating Engineers Local 4 Annuity and Savings Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

6. Plaintiff Gina M. Alongi is the Administrator of the Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund. This Fund trains apprentices and journey workers on the construction industry. The Hoisting and Portable Engineers Local 4 Apprentice and Training Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA,

29 U.S.C. §1002(1).  The Fund is administered at One Engineers Way, Canton, Massachusetts, within this judicial district.

7.  Plaintiff Gina M. Alongi is the Administrator of the Joint Labor-Management Cooperation Trust.  This Trust is established pursuant to §302(c)(9) of the National Labor Relations Act, as amended, 29 U.S.C. §186(c)(9).  The Trust is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

8.  The Health and Welfare, Pension, Annuity and Savings, and Apprenticeship and Training Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37).  They are hereinafter collectively referred to as "the Funds."

9.  Defendant Jerico Concrete Cutting, Inc. ("Jerico") is a Massachusetts corporation with a principal place of business at 1064 R Main Street, Hanson, Massachusetts 02341, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.  Its registered agent for service is Gerald R. Coulstring, Jr. at 90 Star Street, Whitman, Massachusetts 02382.

**GENERAL ALLEGATIONS OF FACT**

10.  On or about December 5, 2001, the Defendant agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of collective bargaining agreements requiring contributions to Plaintiff Funds, and to any successor agreements.  A true and accurate copy of the Defendant's signed agreement ("Standard Short Form Agreement") is attached hereto as Exhibit A.

11.  Because of the Short Form Agreement, the Defendant is a party to the current collective bargaining agreement with the International Union of Operating Engineers Local 4, which is effective from June 1, 2014 through May 31, 2018 ("the CBA").  A true and accurate

copy of the CBA is attached hereto as Exhibit B.  The Defendant was also party to the preceding CBA, which was effective from June 1, 2011 through May 31, 2014.

12. The CBA requires the Defendant to make contributions to Plaintiff Funds for each payroll hour for each person covered by the CBA at rates prescribed by that agreement and to pay interest on late payments at the rate of one (1%) percent per month.

13. Pursuant to the CBA, employers are also obligated to deduct from wages and remit a negotiated percentage of the gross wage package for Union dues.  If employees so elect, the employer is also obligated to deduct money from wages and to pay that amount to the Social Action Committee ("SAC").

14. Part Two-Article XI, Section 6 of the CBA states that the Trustees or their representatives "shall have the right to inspect at all reasonable times, the individual payroll records and such other records of an Employer as are deemed necessary and pertinent to determine whether such Employer is making due and full payment of its Employer contributions."

15. Plaintiff Funds now seek an audit of Jerico's payroll records for the period of January 1, 2012 through the present.  Despite telephone calls between the Funds Office and Jerico, the latter has thus far failed to schedule a payroll audit as requested.

16. Jerico also owes unpaid contributions totaling $1,180.91, as well as interest on unpaid contributions totaling $4,946.32, for a total delinquency of $6,127.23 as of October 31, 2016.

17. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT I - VIOLATION OF ERISA - DELINQUENT CONTRIBUTIONS AND INTEREST

18. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-17 supra.

19. The failure of the Defendant to make contributions on behalf of all covered employees and to pay interest as required by the terms of the trust agreements and the collective bargaining agreements violates §515 of ERISA, 29 U.S.C. §1145.

20. Absent an order from this Court, the Defendant will continue to refuse to pay the monies it owes to the Funds, and the Funds and their participants will be irreparably damaged.

## COUNT II - VIOLATION OF COLLECTIVE BARGAINING AGREEMENT

21. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-20 supra.

22. The failure of the Defendant to make contributions on behalf of all covered employees and to pay interest as required by the terms of the collective bargaining agreement violates §301 of the LMRA, 29 U.S.C. §185.

## COUNT III – VIOLATION OF COLLECTIVE BARGAINING AGREEMENT

23. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-23 supra.

24. The failure of the Defendant to remit the dues and SAC contributions it deducted from its employees' wages as required by the terms of the collective bargaining agreement violates §301 of the LMRA, 29 U.S.C. §185.

## COUNT IV – AUDIT RELIEF REQUESTED

25. Plaintiffs incorporate by reference each and every allegation set forth in Paragraphs 1-24 supra.

26. The failure of the Defendant to permit an audit violates its obligations under §301 of the LMRA, 29 U.S.C. §301, and §§502(a)(3) and 515 of ERISA, 29 U.S.C. §§1132(a)(3) and 1145.

27. Absent an order from this Court, the Defendant will continue to refuse an audit.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Funds requests this Court to grant the following relief:

a. Order the attachment of the machinery, inventory, and accounts receivable of the Defendant;

b. Order the attachment of real estate standing in the name of the Defendant;

c. Enter a preliminary and permanent injunction enjoining Defendant from refusing or failing to make contributions or pay interest to Plaintiff Funds;

d. Enter a preliminary and permanent injunction enjoining Defendant from refusing or failing to remit dues and SAC contributions;

e. Enter judgment in favor of the Plaintiff Funds in the amount of $6,127.23 together with the continued accrual of interest on the unpaid contributions at the rate of 1% per month per the collective bargaining agreement, liquidated damages, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2), along with any further amounts that may come due during the pendency of this action;

f. Order the Defendant to make available to the Plaintiff Funds or their duly authorized representative all of its payroll records, including, but not limited to, file copies of contribution reports, payroll tax returns, employees' earning records, weekly payroll registers, certified payrolls, cash disbursement journals, and a complete list of all job locations for the

period January 1, 2012 until the date of the Court's order for the purpose of ascertaining the amounts, if any, of additional unpaid contributions; and

    g.    Such further and other relief as this Court deems appropriate.

Respectfully submitted,

GINA M. ALONGI, as she is ADMINISTRATOR, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION, ANNUITY AND SAVINGS FUNDS, *et al.*,

By their attorney,

/s/Gregory A. Geiman_____
Gregory A. Geiman, Esq.
BBO #655207
I.U.O.E. Local 4 Trust Funds
16 Trotter Drive
Medway, MA  02053
(508) 533-1400 x140
ggeiman@local4funds.org

Dated:  October 31, 2016

## VERIFICATION

I, Gina M. Alongi, Administrator for the International Union of Operating Engineers Local 4 Trust Funds, verify that I have read the above Complaint, and the allegations set forth therein are true and accurate based on my personal knowledge, except for those allegations based on information and belief, and, as to those allegations, I believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 31st DAY OF OCTOBER, 2016.

/s/Gina M. Alongi_____
Gina M. Alongi